IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GAYE LYNN DILEK BREWER,
      Plaintiff,

vs.                                   Case No.: 3:15cv497/MCR/EMT

U.S. MARSHALS COURTHOUSE SECURITY, et al.,
      Defendants.
_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff Gaye Lynn Dilek Brewer ("Brewer"), a non-prisoner proceeding pro se, commenced this action by filing a civil rights complaint under 28 U.S.C. §§ 1331 and 1346 and Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (ECF No. 1). Brewer also filed a motion to proceed in forma pauperis ("IFP") (ECF No. 4). Brewer's supporting financial affidavit demonstrates she qualifies to proceed IFP; therefore, her motion to so proceed will be granted.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N. D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B)(C); Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Brewer, it is the opinion of the undersigned that dismissal of this action is warranted.

I.      BREWER'S ALLEGATIONS

This matter is presently before the court on Brewer's amended complaint, which is the operative pleading (ECF No. 5). Brewer names four Defendants: Thomas Miller, Supervisory Deputy for the United States Marshals Service ("USMS"); Ms. Vickrey, a Lead Court Security Officer ("CSO") for the USMS; an unidentified CSO; and Russell W. Bradley, a private party (ECF No. 5 at 1–2). Brewer alleges that on October 28, 2015, as she was leaving the library of the Escambia County Courthouse, Mr. Bradley (whose name Brewer did not know at the time) "verbally attacked" her with "explicit language, mentioning the law librarian" (*id.* at 3). Brewer states she ran

back into the library and spoke with two deputies of the Escambia County Sheriff's Office about Bradley's "extremely harassing behavior" (*id.*). Brewer alleges that two days later, on October 30, 2015, she was in the clerk's office of this Court when Mr. Bradley appeared with another man and again began "speaking in sexually derogatory terms" about the law librarian (*id.*). Brewer alleges she left the clerk's office, walked into the courthouse lobby, and asked a CSO to find out Mr. Bradley's name (*id.*). Brewer alleges the CSO refused to provide a name (*id.*). She alleges Mr. Bradley left the courthouse (*id.*). Brewer alleges the unidentified CSO Defendant then "ran his hand down my back fully knowing the situation" (*id.*). She alleges she requested to speak with the CSO's supervisor, and Lead CSO Vickrey responded (*id.*). Brewer alleges that CSO Vickrey told her to get her belongings and leave the courthouse (*id.*). Brewer alleges she wrote and hand-delivered a letter to Supervisory Deputy Miller "asking him to watch the film" (*id.*). She alleges Miller still has not responded to her letter (*id.*). Brewer alleges she has not been provided the name of the CSO who "antagonized" her "maliciously" after Mr. Bradley's use of "sexual harrasing [sic] language which was threatening" (*id.*).

Brewer claims that the federal Defendants denied her right to due process under the Fifth and Fourteenth Amendments (ECF No. 5 at 4). She also brings tort claims under the Federal Tort Claims Act ("FTCA"), including, "defamation, intentional mental distress & harm, obstruction of justice, hiding evidence, negligence, abuse of power, diminishment of identity, denied [sic] duty to affirmatively protect from harm, disregard, promoting sexism, sexual harassment on the job, to [sic] strengthen extremism in my case, victimization, and mental anguish" (*id.*). Brewer also brings claims under 18 U.S.C. §§ 241 and 242, and the Violence Against Women Act of 1994 (*id*). As relief, Brewer seeks monetary damages in the amount of 2 million dollars "to stop this constant mob effect" (*id.*). She also seeks the following injunctive relief: "Counseling for staff. Apologys [sic]. Concern for respecting others and the laws." (*id.*). Brewer additionally requests that Defendants be prosecuted for corruption, flagrant abuse of power, and making a mockery of justice (*id.*).

II.     ANALYSIS

Because Brewer is proceeding in forma pauperis, the court may dismiss a claim if satisfied that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

§ 1915(e)(2)(B). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id*. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). Within the former are those cases in which it is either readily apparent that a complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit; within the latter are those cases describing scenarios clearly removed from reality. *See* Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990) (citation omitted).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Brewer. Davis v. Monroe Cnty. Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are

conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

A.    Federal Claims

1.    Claims Under 18 U.S.C. §§ 241 and 242

Brewer's claims under 18 U.S.C. §§ 241 and 242, and her request that Defendants be prosecuted for corruption, flagrant abuse of power, and making a mockery of justice, are frivolous. A private individual cannot bring an individual action under either § 241 or § 242, as they are criminal statutes, and the power to prosecute criminal cases is vested exclusively in the Executive Branch. *See* Higgins v. Neal, 52 F.3d 337 (10th Cir. 1995); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (noting that "[o]nly the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242"); *see also* Dugar v. Coughlin, 613 F. Supp. 849 (S.D.N.Y. 1985) (no private right of action under federal criminal statutes); Powell v. Kopman, 511 F. Supp. 700, 704 (S.D.N.Y. 1981) (same). Additionally, Brewer has no constitutionally protected interest in the criminal prosecution of another. *See* Otero v. U.S. Attorney Gen., 832 F.2d 141 (11th Cir. 1987) (a private citizen has no judicially cognizable interest in the criminal prosecution of another) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973)); Sattler v. Johnson, 857 F.2d 224, 226–27 (4th Cir. 1988) (private citizen has no constitutional right to have other citizens, including state actors, criminally prosecuted); *see also, e.g.*, O'Berry v. State Attorneys Office, 214 F. App'x 654 (11th Cir. 2007) (unpublished but recognized for persuasive authority) (affirming district court's finding that a private citizen cannot force the United States Attorney General to bring a criminal prosecution against another citizen). Therefore, Brewer's claims of alleged violations of federal criminal statutes should be dismissed as frivolous.

2.    Claim Under Violence Against Women Act of 1994

Brewer asserts a claim under the Violence Against Women Act of 1994.  The Violence Against Women Act of 1994 ("VAWA") created a federal civil remedy for the victims of gender-motivated crimes of violence. 42 U.S.C. § 13981.  The remedy was enforceable in both state and federal courts, and generally depended on proof of the violation of a state law.  However, the Supreme Court held the statute unconstitutional. *See* United States v. Morrison, 529 U.S. 598, 627, 120 S. Ct. 1740, 146 L. Ed. 2d 658 (2000).  Therefore, Brewer's claim under VAWA should be dismissed as frivolous.

3.    Due Process Claims

Brewer's due process claims are also frivolous.  Brewer claims that the federal Defendants violated her due process rights by (1) failing to ascertain and inform her of Mr. Bradley's name, (2) failing to inform her of the name of the CSO who allegedly touched her back, and (3) asking her to leave the courthouse.  However, Brewer has no constitutionally protected liberty interest in receiving names of co-workers and private individuals from federal employees.  Further, simply because Brewer is a member of the public, she has no constitutionally protected liberty interest in unrestricted and unlimited access to a federal courthouse.  Therefore, Brewer's due process claims should be dismissed as frivolous.

4.    Claims Under FTCA

This Court lacks jurisdiction over Brewer's tort claims against the federal actors involved, because Brewer failed to exhaust her administrative remedies prior to filing suit.  "A federal court may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency." Suarez v. United States, 22 F.3d 1064, 1065 (11th Cir. 1994) (citing 28 U.S.C. § 2675(a)).  Title 28 U.S.C. § 2675 provides, in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a); *see also* Turner ex rel. Turner v. United States, 514 F.3d 1194, 1200 (11th Cir. 2008) ("A federal court does not have 'jurisdiction over a suit under the FTCA unless the claimant

first files an administrative claim with the appropriate agency . . . accompanied by a claim for money damages in a sum certain.'") (quoting <u>Dalrymple v. United States</u>, 460 F.3d 1318, 1324 (11th Cir. 2006)); <u>Barnett v. Okeechobee Hosp.</u>, 283 F.3d 1232, 1237–38 (11th Cir. 2002) ("[T]he administrative notice requirement of 28 U.S.C. § 2675 'is jurisdictional and cannot be waived.'") (quoting <u>Likens v. Pointer, Inc.</u>, 725 F.2d 645, 646 (11th Cir.1984)).

Federal regulations set out the specific procedures for presenting an administrative claim under the FTCA, which include presenting it in writing to the appropriate agency, in this case, the USMS. Additionally, if the claim is not filed on an official form, the claim must be in writing, state the specific amount of the alleged damages, and provide enough information to enable the USMS to investigate the claim.

Here, Brewer alleges that the conduct underlying her tort claims occurred on Thursday, October 30, 2015. Assuming, purely for argument's sake, that her letter to Supervisory Deputy Miller qualified as a "claim" for purposes of the FTCA, her allegations fail to plausibly suggest that she received a final, written denial of her claim by Monday, November 2, 2015, the date she commenced this action. Therefore, any tort claims against the federal Defendants must be dismissed for lack of jurisdiction.

B.    <u>State Law Claims</u>

To the extent Brewer asserts any state law claims, they should be dismissed without prejudice to her pursuing them in state court. It is well established that once a plaintiff's federal claims are dismissed, there remains no independent federal jurisdiction to support the court's exercise of supplemental jurisdiction over any state claims against a defendant. *See* <u>Baggett v. First Nat'l Bank of Gainesville</u>, 117 F.3d 1342, 1352 (11th Cir. 1997). Title 28 U.S.C. § 1367(c)(3) provides that the district court may decline to exercise supplemental jurisdiction over claims after it has dismissed all claims over which it has original jurisdiction. *See also* <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 725–26, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction. <u>Baggett</u>, 117 F.3d at 1353 (citing <u>Palmer v. Hosp. Auth. of Randolph Cnty.</u>, 22 F.3d 1559, 1569 (11th Cir. 1994); <u>Exec. Software N. Am. v. U. . Dist. Court</u>, 15 F.3d 1484, 1493 (9th Cir. 1994); <u>New England Co. v. Bank of Gwinnett Cnty.</u>, 891 F.

Supp. 1569, 1578 (N.D. Ga. 1995); <u>Fallin v. Mindis Metals, Inc.</u>, 865 F. Supp. 834, 841 (N.D. Ga. 1994)). The Eleventh Circuit has encouraged district courts to dismiss any remaining state claims when the federal claims have been dismissed prior to trial. *See* <u>Raney v. Allstate Ins. Co.</u>, 370 F.3d 1086, 1089 (11th Cir. 2004).

Taking these factors into account in this case, the court concludes that any state law claim asserted by Brewer should be dismissed to permit her to pursue it in a more appropriate forum. While it would be convenient for Brewer to continue litigating her case in this court, this court has a substantial number of original jurisdiction cases awaiting review, and neither judicial economy nor fairness to other litigants support retaining jurisdiction of Brewer's state claim(s) and delaying justice in other cases. Furthermore, the state court is best equipped to research and rule on matters of state law, and comity would suggest that it should be allowed to do so. Moreover, the supplemental jurisdiction statute contains a tolling provision. *See* 28 U.S.C. § 1367(d) (state claims asserted in federal court along with "related" federal claims "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed"); <u>Personalized Media Commc'ns, LLC v. Scientific-Atlantic, Inc.</u>, 493 F. App'x 78, 82 n.1 (11th Cir. 2012) ("'Section 1367(d), giving the plaintiff at least 30 days to re-file in state court after a federal court declines to exercise supplemental jurisdiction, removes the principal reason for retaining a case in federal court when the federal claim belatedly disappears.'") (citation omitted). In <u>Krause v. Textron Fin. Corp.</u>, 59 So. 3d 1085 (Fla. 2011), the Supreme Court of Florida held that Florida state law claims are tolled while they are pending in federal court, and the plaintiff shall have 30 days after dismissal by the federal court to re-file in state court. *See id.* (citing 28 U.S.C. § 1367). This is specifically "to prevent the limitations period from expiring" on any Florida state law claim while it is being pursued in federal court in conjunction with the federal claim. *Id.* at 1091. Therefore, Brewer's pursuit of any state law claim in state court would not be prejudiced by this court's declining to exercise supplemental jurisdiction over those claims.

III. CONCLUSION

Brewer's federal claims are subject to dismissal as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and for lack of jurisdiction. With regard to her state law claims, the court should

decline to exercise supplemental jurisdiction over those claims; therefore, those claims should be dismissed without prejudice.

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (ECF No. 4) is **GRANTED**.

And it is respectfully **RECOMMENDED**:

1. That Plaintiff's federal claims be **DISMISSED with prejudice** as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and for lack of jurisdiction;

2. That Plaintiff's state law claims be **DISMISSED without prejudice**; and

3. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 12th day of November 2015.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**